**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| TERESA BARTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-00051-JAR |
| | ) |
| THE PROCTOR & GAMBLE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Teresa Barton's motion to stay and for leave to take expedited discovery (Doc. No. 40). For the reasons set forth below, the Court will grant in part Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff, a Missouri resident, initially filed this action in the Circuit Court of Cape Girardeau County, Missouri. Relevant to this motion, Plaintiff alleges she sustained injuries from exposure to absorbent gel material ("AGM") during her employment from 2009 to 2019 on the diaper manufacturing line at Defendant The Proctor & Gamble Co.'s ("P&G") Cape Giradeau plant. (Compl., Doc. No. 1-1 at ¶¶ 2-5, 29). Plaintiff claims Defendant D-W Tool, Inc., d/b/a Wahlco ("Wahlco") received waste from P&G and processed it into AGM, which it then sold back to P&G to be used in the diaper manufacturing process. (Compl. at ¶¶ 16-19). Both Wahlco and Plaintiff are Missouri residents; the remaining defendants[1] named in Plaintiff's complaints are not. The

---

[1] In addition to Wahlco and P&G, Plaintiff alleges claims against The Proctor & Gamble U.S. Business Services Company, BASF Corporation, Evonik Corporation, and Nippon Shokubai America Industries, Inc.

1

Defendants removed this case from state court to federal court on the basis of diversity jurisdiction, arguing Wahlco was fraudulently joined because it did not sell or otherwise provide any AGM to P&G. Wahlco also filed a motion to dismiss the claims against it. (Doc. No. 29).

In support of their argument, Defendants provide the one-page affidavits of Ron Wahlers, the owner of Wahlco, (Doc. No. 29-1), and P&G employee Neil Gordon. (Doc. No. 1-2). Mr. Wahlers swore in his affidavit that since 2004, Wahlco has not sold anything, including AGM, to P&G or any other Defendant. (Doc. No. 29-1). Mr. Gordon swore in his affidavit that P&G contracts with Wahlco to recycle diapers, but Wahlco does not sell or provide any materials to P&G, and its materials are not used in the P&G diaper manufacturing process. (Doc. No. 1-2 at ¶¶ 4-6).

Plaintiff filed her motion to stay ruling on Wahlco's motion to dismiss and for leave to conduct expedited discovery to challenge the assertions made by Mr. Gordon and Mr. Wahlers. (Doc. No. 40). Plaintiff asks the Court for leave to take the depositions of Mr. Wahlers and Mr. Gordon regarding the assertions in their affidavit and topics including diaper products received by Wahlco from P&G, Wahlco's processing of diaper components, the sale or other transfer of materials Wahlco obtains from the processing of diaper products, diaper products sent from P&G to Wahlco, and P&G's purchase or other receipt of materials including but not limited to AGM from Wahlco. Plaintiff also asks the Court to compel P&G, Wahlco, Defendant Proctor & Gamble U.S. Business Services, and non-party The Proctor & Gamble Paper Products Company to respond to a total of 64 document requests, many of which seek voluminous records including all contracts and agreements, data safety sheets, payments, inspections, product sales, and other correspondence from January 1, 2008, to December 31, 2017.

P&G and Wahlco responded in opposition, arguing that Plaintiff did not have a good faith basis to bring claims against Wahlco and her discovery requests are overly broad at this stage in litigation. (Doc. Nos. 46-47). P&G notes that the substantial number of requested documents are excessive in light of the brief affidavits by Mr. Gordon and Mr. Wahlers. Defendant Nippon Shokubai also filed a response in opposition. (Doc. No. 48).

In her reply, Plaintiff provides the Court with six exhibits of OSHA reports which she claims indicate that Wahlco sold AGM to P&G.  Plaintiff also provided two affidavits from former P&G employees. *Id*. at 2-4. The former employees swear in their affidavits that Wahlco processed rejected diapers it received from P&G into AGM, which was then shipped back to P&G. Plaintiff also notes that Wahlco is located directly next to P&G in Cape Girardeau. *Id*. at 2.

## II.     Legal Standard

Federal Rule of Civil Procedure Rule 26(d)(1) provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f). The rule is subject to limited exceptions, including a court order permitting discovery. Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. *See Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc.,* No. 03-CV-0811E(F) 2003 WL 23350128 at *1, n. 7 (W.D.N.Y. 2003). The Court of Appeals for the Eighth Circuit has not adopted any standard for expedited discovery. *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273,

276 (N.D.Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D.Colo. 2003); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613–14 (D.Ariz. 2001). The Court believes that the "good cause" standard is the appropriate standard in this case.

### III. Analysis

Plaintiff argues that there is a good-faith basis and substantial need for the expedited discovery to respond to Mr. Gordon and Mr. Wahler's one-page affidavits. It is unclear to the Court that it can consider either the affidavits or the discovery Plaintiff seeks in ruling on a motion to dismiss. *See Pendergrass v. BI-State Utilities Co.,* 2018 WL 4961496, at *2 (E.D. Mo. Aug. 29, 2008) ("In reviewing a motion to dismiss, courts must generally ignore materials outside the pleadings but may consider 'the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" (quoting *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011)). However, the discovery is relevant to Plaintiff's motion to remand. (Doc. No. 53).

The discovery Plaintiff seeks is far out of proportion to the two single-page affidavits. Plaintiff requests extensive documents from Defendants Wahlco, P&G, The Proctor & Gamble Company U.S. Business Services, and non-party P&G Paper as well as the opportunity to depose Mr. Gordon and Mr. Wahlers about a broad range of topics ranging from how Wahlco processes diaper components to P&G's purchase or other receipt materials including but not limited to AGM from Wahlco. The limited question before the Court on Wahlco's motion to dismiss is whether Wahlco was properly joined as a party. The affidavits of Mr. Gordon and Mr. Wahlers do not raise issues outside that question. It is clear that Plaintiff's requested discovery seeks to uncover information far beyond the scope of the affidavits. Furthermore, Plaintiff is already in possession

4

of some documents in support of her allegations—OSHA reports and affidavits of former P&G employees.

However, in light of the Defendants' decision to rely upon affidavits in support of removal and Wahlco's motion to dismiss, the Court concludes that Plaintiff has shown good cause to conduct limited discovery. As such, the Court will allow Plaintiff to conduct depositions of Mr. Gordon and Mr. Wahlers limited to the topics discussed in their affidavits only. After taking the depositions, if Plaintiff believes document requests are relevant and necessary, she may file a renewed motion for discovery with the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for expedited discovery and to stay ruling on Wahlco's motion to dismiss [40] is **GRANTED in part** and **DENIED in part without prejudice** as set forth above. Defendants shall make Mr. Gordon and Mr. Wahlers available for depositions within **two weeks** of the date of this order.

Dated this 13th day of July, 2022.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**